HOFMANN & SCHWEITZER
*Attorneys for Plaintiff*
212 West 35th Street, 12th Floor
New York, NY 10001
Tel: 212-465-8840

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
PAUL DEFURIA,

     Plaintiff

 -against-

VANE LINE BUNKERING, INC.,
and the DBL-25,

     Defendants
-----------------------------------------------------------x

**COMPLAINT**
**CIVIL AND ADMIRALTY**

## JURY TRIAL DEMANDED

Plaintiff claims of the defendant damages upon the following causes of action:

## PARTIES AND FACTUAL STATEMENTS

1. Plaintiff is a seaman within the meaning of that term as used in the Jones Act, 46 U.S.C.§ 30104.

2. Defendant VANE LINE BUNKERING, INC., is a foreign corporation authorized to do business in the State of New York, and which does business in the state at 671 Court Street, Brooklyn, New York 11231.

3. The jurisdiction of this Court over these causes of action arises under and by virtue of the Jones Act, 46 U.S.C. § 30104 et seq., the General Maritime Law and the Admiralty jurisdiction of the United States under 28 U.S.C. § 1333. Nothing in these jurisdictional allegations is to be construed as a waiver of the plaintiff's right to a jury trial in plaintiff's action at law under the Jones Act, nor of the right to have all of the claims asserted herein

      tried to a jury, at plaintiff's option, as permitted under <u>Fitzgerald v. United States Lines Company</u>, 374 U.S. 16 (1963).

4. On or about January 1, 2021, defendant VANE LINE BUNKERING, INC., owned the DBL-25 in coastwise, inter-coastal and foreign commerce.

5. On or about January 1, 2021, defendant VANE LINE BUNKERING, INC., possessed the DBL-25 in coastwise, inter-coastal and foreign commerce.

6. On or about January 1, 2021, defendant VANE LINE BUNKERING, INC., managed the DBL-25 in coastwise, inter-coastal and foreign commerce.

7. On or about January 1, 2021, defendant VANE LINE BUNKERING, INC., operated the DBL-25 in coastwise, inter-coastal and foreign commerce.

8. On or about January 1, 2021, defendant VANE LINE BUNKERING, INC., controlled the DBL-25 in coastwise, inter-coastal and foreign commerce.

9. On or about January 1, 2021, defendant VANE LINE BUNKERING, INC., was the bareboat charterer of the DBL-25 in coastwise, inter-coastal and foreign commerce.

10. On or about January 1, 2021, defendant VANE LINE BUNKERING, INC., was the owner pro hac vice of the DBL-25 in coastwise, inter-coastal and foreign commerce.

11. The DBL-25 presently is, or during the pendency of this action, will be within the Federal Judicial District in which this action has been commenced.

12. On or about January 1, 2021, plaintiff was in the employ of defendant VANE LINE BUNKERING, INC., as a member of the crew of the vessel at the rate of pay and for the term set forth in his employment agreement.

## FIRST CAUSE OF ACTION: JONES ACT NEGLIGENCE

13. On or about January 1 2021, while the vessel was in navigable waters, plaintiff, in the course of his employment, pursuant to orders and while in the performance of his duties, because of the unsafe and unseaworthy condition of the vessel and the negligence of the defendants, was caused to sustain the serious injuries more specifically set forth hereunder.

14. On or about January 1, 2021, plaintiff, while in the course of his employment, and with the consent and knowledge of each of the defendants, was performing labors in furtherance of the vessel's owners' business. While in the process of so doing, plaintiff was caused to suffer the serious injuries more fully set forth herein.

15. The defendants had a non-delegable duty to provide plaintiff a safe place to work.

16. Plaintiff's injuries were caused by the negligence of the defendants jointly and severally, by their agents, servants, workmen and employees and by the unseaworthiness of the vessel, and by the defendants' breach of their obligation to provide prompt and adequate medical care, treatment, maintenance and cure. On that day, while handling lines, a co-worker negligently dropped an entire heavy mooring line in such a fashion as to cause strain to plaintiff's arm, causing ruptures of tendon (s) and other internal injuries in his arm.

17. Solely by reason of the negligence of the defendants jointly and severally, and the unseaworthiness of the vessel as set forth above, plaintiff's muscles, nerves, tendons, blood vessels and ligaments were severely wrenched, sprained, bruised and otherwise injured; he sustained injuries to his left arm; he sustained internal injuries, the full extent

of which is not yet known; he sustained severe injury and shock to his nerves and nervous system; he has in the past required and will in the future require medical treatment, care and attention; he has in the past been and will in the future be obliged to expend monies and incur obligations for medical care and attention; he has in the past suffered and will in the future continue to suffer agonizing aches, pains and mental anguish; he has in the past been, presently is, and will in the future, continue to be disabled from performing his usual duties, occupations and avocations; and has in the past, and will in the future, suffer a loss of earnings.

18. By reason of the foregoing, plaintiff claims compensatory damages in an amount to be determined by the trier of fact.

## SECOND CAUSE OF ACTION: UNSEAWORTHINESS

19. Plaintiff repeats and realleges each and every of the foregoing allegations with the same force and effect as if fully set forth and repeated herein.

20. The events causing plaintiff's injury were due to the unseaworthiness of the vessel and its appurtenances, in general, and in particular the vessel's.

21. As a result, plaintiff suffered the various damages and injuries as aforesaid.

22. By reason of the foregoing, plaintiff claims damages in the amount to be found reasonable by the trier of fact.

## THIRD CAUSE OF ACTION - MAINTENANCE AND CURE

23. Plaintiff claims of the defendants maintenance, cure and wages, and punitive damages and attorneys fees, in such amount as may be determined by the Court upon the following cause of action.

24. Plaintiff repeats and realleges each and every of the foregoing allegations with the same force and effect as if fully set forth and repeated herein.

25. The jurisdiction of this Court over this second cause of action arises under and by virtue of the Admiralty jurisdiction of the District Courts of the United States.

26. Because of plaintiff's injuries, as aforesaid, plaintiff is entitled to maintenance and cure which is unpaid and/or unprovided.

27. Plaintiff, by virtue of his service upon the said vessel, claims maintenance, cure and wages and, if warranted, punitive and exemplary damages and attorneys fees in an amount which the Court shall deem just and proper upon the trial of this cause.

28. All and singular, the premises contained in the second cause of action are true and within the Admiralty and Maritime jurisdiction of the United States and this Honorable Court.

WHEREFORE, plaintiff prays that judgment be entered against the defendants, and,

1. That a warrant of arrest issue against the vessel, her boilers, engines, tackle, appurtenances, etc., and that all persons claiming any right, title or interest therein be cited to appear and answer all the matters aforesaid;

2. That citation issue against defendants VANE LINE BUNKERING, INC., and the DBL-25 to appear and answer all the matters aforesaid;

3. That this Honorable Court enter judgment for plaintiffs in accordance with the sums set forth as aforesaid together with interest, costs and counsel fees;

4. That the said vessel, her boilers, engines, tackle, appurtenances, etc. be condemned and sold to pay the same;

5. That judgment be entered against the defendants for compensatory damages in the amount found by the trier of fact, and for such maintenance, cure and wages as the Court may determine to be due and owing upon the trial of this cause, and for such interest, costs, punitive damages and counsel fees as the Court may deem just and proper.

Dated: New York, New York
November 16, 2021

HOFMANN & SCHWEITZER

By: *[signature: Paul T. Hofmann]*

Paul T. Hofmann (PH1356)
Attorneys for Plaintiff
212 W. 35th Street, 12th Floor
New York, N.Y. 10001
(212) 465-8840 Fax: 212-465-8849
paulhofmann@hofmannlawfirm.com